944 So.2d 949 (2006)
Jimmy WILLINGHAM, Lorean Willingham and Natalie Downs, Individually, and as Personal Representative of the Wrongful Death Beneficiaries of Audley Jack Downs, Jr., Deceased, Appellants
v.
MISSISSIPPI TRANSPORTATION COMMISSION, Appellee.
No. 2005-CA-01997-COA.
Court of Appeals of Mississippi.
December 12, 2006.
*950 John H. Cocke, Clarksdale, Robert Q. Whitwell, Ashland, attorneys for appellants.
Roy Jefferson Allen, Clarksdale, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. Jimmy Willingham, Lorean Willingham, and Natalie Downs (Appellants) sued the Mississippi Transportation Commission (MTC) for injuries and death resulting from a two-vehicle collision on a state highway. After discovery, the Coahoma County Circuit Court found that there were no genuine issues of material fact and granted summary judgment on behalf of the MTC. Aggrieved, the Appellants appeal and assert that the court erred in granting summary judgment.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On the night of May 5, 2003, Jackie Downs was driving his vehicle southward on Highway 49 near Clarksdale, Mississippi. Jimmy Willingham was his passenger. The weather was apparently inhospitable, with heavy rainfall. William Wright, a minor, was driving on Highway 49 in a northerly direction. Wright apparently hydroplaned and subsequently lost control of his vehicle, ultimately crossing into the south-bound lane of traffic and colliding with Downs' vehicle. Downs was killed and Willingham suffered permanent injuries as a result of the accident.
¶ 4. The surface of the highway where the accident occurred had rutting, which the Appellants allege caused water to build up in the cracks, contributing to Wright's hydroplaning. However, according to the complaints filed, Wright was also traveling at an excessive speed and had numerous items in disrepair on his vehicle. The Appellants sued Wright as well as the MTC, and have reached a settlement with Wright.
*951 ¶ 5. It is clear from the record that the area of the highway in question was in a state of disrepair, with rutting in the pavement, and that the MTC had, in fact, already made arrangements to have the highway surface repaired. It is also indisputable that there were no special warning signs in place to warn drivers that hydroplaning was a danger during heavy rainfall. James Dickerson, MTC's District Engineer who was deposed on behalf of the MTC, acknowledged that the area had extensive rutting. Dickerson also testified that, although the MTC can repair small sections of road internally, the length of the rutting in the area in question required that the repair work be let for external bids. Dickerson testified extensively regarding the fact that the MTC does not have enough funds to repair all the roads under its control that are in need of repair. Therefore, Dickerson testified, roads must be assigned a priority and repaired according to that prioritization. Although a computer program is used to help prioritize which roads are most in need of repair, Dickerson testified that the MTC has the discretion to alter the priority of a road if it deems necessary. The stretch of highway at issue here had, in fact, been moved up in priority by the MTC because of its location in the Delta, where water does not run off the roads as easily as it might in other areas.
¶ 6. After considering all the evidence before it, the trial court granted the MTC's motion for summary judgment, finding that the Mississippi Tort Claims Act (MTCA) grants the MTC immunity from the Appellants' suit.

ANALYSIS AND DISCUSSION OF THE ISSUE[1]
¶ 7. We apply a "de novo standard of review to [a] trial court's grant of summary judgment." Walker v. Whitfield Nursing Ctr., Inc., 931 So.2d 583, 587 (¶ 11) (Miss.2006) (citing Stuckey v. Provident Bank, 912 So.2d 859, 864 (¶ 8) (Miss.2005)). Summary judgment is proper where the evidence shows that there is no genuine issue of material fact in the case. Id. at 587 (¶ 12) (quoting M.R.C.P. 56(c)). The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact. Id. The non-moving party "should be given the benefit of every reasonable doubt." Id. (citing Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990)). "Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite." Id. at 588 (¶ 13) (quoting Tucker, 558 So.2d at 872).
MTCA and Relevant Statutes
¶ 8. The MTCA is found in Chapter 46 of Title 11 of the Mississippi Code, as annotated. Section 11-46-9 relates specifically to the exemptions and protections that governmental entities enjoy under the MTCA. Government employees who exercise due care in the performance or omission of a statutory duty are shielded from liability. Miss.Code Ann. § 11-46-9(1)(b) (Supp.2006). The MTCA also grants immunity *952 to governmental employees who perform (or decline to perform) an action on the basis of "a discretionary function or duty . . . whether or not the discretion be abused." Id. at (1)(d). For several years, this subsection was interpreted by Mississippi appellate courts as implying a standard of due care, but the Mississippi Supreme Court has since held that the due care standard does not apply to discretionary functions. Collins v. Tallahatchie County, 876 So.2d 284, 289 (¶ 17) (Miss. 2004). Therefore, if an employee's act is discretionary, immunity is granted, regardless of whether due care was exercised in the execution of the duty.
¶ 9. The MTCA also grants immunity to governmental employees for failure to warn, "unless the absence . . . [of a] warning device . . . is not corrected by the governmental entity responsible for its maintenance within a reasonable time after actual or constructive notice." Miss.Code Ann. § 11-46-9(1)(w) (Supp.2006). This provision is additionally limited by the fact that the MTCA grants immunity where a governmental entity fails to warn of a "dangerous condition which is obvious to one exercising due care." Id. at (1)(v). In other words, a governmental agency can suffer no liability for dangers that are open and obvious to a person exercising due care.
¶ 10. Also relevant in this case is a provision that dictates that the MTC "shall place and maintain such traffic control devices conforming to its manual and specifications, upon all state and county highways as it shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic." Miss.Code Ann. § 63-3-303 (Rev. 2004) (emphasis added).
Whether Discretionary or Statutory Duty
¶ 11. The Appellants urge this Court to find that the MTC has a statutory duty to place warning signs, per Mississippi Code Annotated section 63-3-303. Although this section may, at first glance, appear to place upon the MTC a statutory duty to place warning signs, we note that the clear meaning of the section is to create a statutory duty that must be carried out in a discretionary matter. In general, "[w]hen an official is required to use his own judgment or discretion in performing a duty, that duty is discretionary." Harris v. McCray, 867 So.2d 188, 191 (¶ 12) (Miss. 2003) (citations omitted). The phrase "as it shall deem necessary" indicates that the MTC's employees must use their own "judgment or discretion" in choosing where and when to place warning signs. Because the MTC's duty is discretionary, the MTC's failure to place warning signs is shielded from liability according to Mississippi Code Annotated section 11-46-9(1)(d), as discussed previously.
¶ 12. We further note that our interpretation of section 63-3-303 is supported by extant case law, which has generally interpreted the MTC's duty to warn as a discretionary function. See, e.g., Miss. Dep't of Transp. v. Cargile, 847 So.2d 258, 269 (¶ 44) (Miss.2003) (incorrectly holding that discretionary function is subject to ordinary care standard, based on preexisting case law); Leflore County v. Givens, 754 So.2d 1223, 1227 (¶¶ 9-10) (Miss.2000) (overruled on other grounds; incorrectly holding that discretionary function is subject to ordinary care standard).
¶ 13. In Jones v. Miss. Dep't of Transp., 744 So.2d 256, 262 (¶¶ 18-19) (Miss.1999), the Mississippi Supreme Court determined, in accordance with then-existing case law, that the placement of traffic control devices is a discretionary function because it involves an "element of choice or judgment" that impacts "social, economic or political policy." Like this *953 Court, the Jones court specifically addressed the phrase "as it shall deem necessary." Id. at 262 (¶ 18). The court then went on to say that "once the road is built and the responsible entity becomes aware of a dangerous condition in connection with the road, the duty becomes one of maintenance. Therefore, MDOT and Tunica County were required to use due care in the exercise of their discretion." Id. at 264 (¶ 24) (emphasis added) (citing Bailey Drainage Dist. v. Stark, 526 So.2d 678, 681 n. 2 (Fla.1988)). This passage, taken as a whole, indicates to this Court that the Jones court was discussing the imposition of the due care standard, rather than meaning that the placement of warning signs on existing roads is not a discretionary function. The placement, or non-placement, of warning signs is a discretionary act, involving a choice that must be based upon public policy and other considerations.
¶ 14. While the MTC's duty to place warning signs is statutory, the execution of that duty is discretionary. As such, the MTC is entitled to immunity under Mississippi Code Annotated section 11-46-9(1)(d).
Section 11-46-9(1)(v)
¶ 15. Sections 11-46-9(1)(v) and (w), make it clear that a governmental agency can be held liable for failure to warn of a known danger, as long as that danger is not open and obvious.
¶ 16. In this case, the danger at issue was open and obvious to one exercising ordinary care. It is elementary, common knowledge that driving is more dangerous and should be approached more carefully during bad weather, such as the weather at the time of the accident in question. Although the pavement at question in this case was rutted and may have heightened the risk for hydroplaning, the risk of hydroplaning during rainfall is an open and obvious danger, such that the MTC is shielded under the MTCA. We note that the Appellants alleged in their respective complaints that Wright, the minor who caused the accident at issue, was driving at an excessive speed and did not have proper equipment on his vehicle. These allegations underscore the fact that this danger should have been open and obvious to one exercising due care, as Wright clearly was not exercising due care. No evidence was offered by the Appellants to indicate that the rutting was so severe that it posed a hidden danger to travelers who were exercising due care. Therefore, the MTC cannot be held liable under the MTCA for failure to place warning signs on the stretch of highway in question.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.
NOTES
[1] The Appellants argued two theories of recovery in their briefs: first, that the MTC is liable for failure to maintain the highways properly, and second, that the MTC is liable for failing to warn of an dangerous condition. However, at oral argument on this matter, the Appellants clearly abandoned their first theory of recovery when they were asked about the state's available funds and responded: "Your Honor, I'm not arguing that. . . . Our argument is one of warning." The MTC's attorney acknowledged this concession during the MTC's argument, and no further attempt was made during the Appellant's rebuttal argument to revive the maintenance issue.