ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. Dorothy Sipp, the Estate of Beverly Blankinchip, Erica Blankinchip, Ceselie Blankinchip, and Deanie Lee, individually and as mother and next friend of Summer Jackson (collectively, the Appellants) sued the Mississippi Department of Transportation
 
 [1]
 
 for injuries and death resulting from a two-vehicle collision on a state highway in George County, Mississippi.
 
 [2]
 
 After discovery, the George County Circuit Court found that there were no genuine issues of material fact and granted summary judgment on behalf of MDOT. Aggrieved, the Appellants appeal and assert that the court erred in granting summary judgment. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On September 21, 2003, Dorothy Sipp (Sipp) was driving north on State Highway 63 in George County. A heavy downpour shortly before the accident caused water to pool on the highway. Sipp’s car hydroplaned, crossed the center line, and collided with a southbound vehicle driven by Beverly Blankinchip (Beverly). Beverly was accompanied by Erica Blankinchip (Erica), Ceselie Blankinchip (Ceselie), and Summer Jackson (Jackson). Beverly died as a result of the accident, and Erica, Ceselie, Jackson, and Sipp suffered personal injuries of varying degrees.
 

 ¶ 3. The Appellants’ individual suits were consolidated for trial purposes. The Appellants alleged that: MDOT failed in its duties to properly inspect and maintain Highway 63 where the accident occurred; MDOT failed to properly warn of a dangerous condition; and MDOT failed to properly construct and engineer the highway where the accident occurred. MDOT filed a motion to dismiss or, in the alternative, a motion for summary judgment on June 1, 2005. After significant delays and continuances for various reasons, including delays caused by Hurricane Katrina, the matter was heard on January 10, 2008.
 
 *76
 
 Following the hearing, the circuit court allowed the Appellants an opportunity to submit supplemental material. Thereafter, the circuit court granted summary judgment in favor of MDOT on January 30, 2008.
 

 ¶ 4. The circuit court based its opinion on the following: (1) the Appellants offered no proof of a defect in the design of the highway;
 
 [3]
 
 (2) MDOT was immune from suit because of the discretionary nature of the duties involved; (3) the open and obvious nature of the danger relieved MDOT of the responsibility to warn of the danger; and (4) weather was the sole cause of the accident. Following the circuit court’s grant of summary judgment in favor of MDOT, the Appellants filed a motion for a new trial on February 8, 2008, and an amended motion for a new trial on February 16, 2008. The circuit court denied these motions. The Appellants appeal and raise the following issues: (1) MDOT waived immunity because it failed to correct dangerous conditions on a state highway after having notice of the condition; (2) MDOT waived immunity because it failed to warn of a dangerous condition on a state highway after having notice of the condition; and (8) the trial court erred in finding that weather was the sole cause of the accident. We will address issues one and two together.
 

 STANDARD OF REVIEW
 

 ¶ 5. It is well-settled that:
 

 We apply a de novo standard of review to a trial court’s grant of summary judgment. Summary judgment is proper where the evidence shows that there is no genuine issue of material fact in the case. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact. The non-moving party should be given the benefit of every reasonable doubt. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.
 

 Willingham v. Miss. Transp. Comm’n,
 
 944 So.2d 949, 951(¶ 7) (Miss.Ct.App.2006) (internal citations and quotations omitted).
 

 I. WHETHER MDOT MAINTAINS MTCA IMMUNITY UNDER THE MISSISSIPPI TORT CLAIMS ACT.
 

 ¶ 6. The Appellants argue that they supplied the circuit court with numerous affidavits of George County residents, wherein the affiants stated that the condition of the road was “bad,” and they had complained to MDOT about the condition of the highway. The Appellants assert that this proved MDOT was given notice of the dangerous condition existing on Highway 63 in George County; therefore, it waived its immunity under the MTCA. The Appellants also argue that accidents occurring on Highway 63 in George County should have alerted MDOT to the dangerous rutting that had developed. Be that as it may, any actual or constructive notice MDOT may have had concerning rutting on Highway 63 in George County does not remove
 
 *77
 
 MDOT from the protective shield of the MTCA.
 

 ¶ 7. Mississippi Code Annotated section 11^46-9 (Supp.2002) states, in pertinent part, that:
 

 (1) A governmental entity and its employees acting within the course and scope of their employment or duties
 
 shall not be liable
 
 for any claim:
 

 [[Image here]]
 

 (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;
 

 [[Image here]]
 

 (g) Arising out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services;
 

 [[Image here]]
 

 (p) Arising out of a plan or design for construction or improvements to public property, including but not limited to, public buildings, highways, roads, streets, bridges, ... where such plan or design is in conformity with engineering or design standards
 
 in effect at the time of-preparation of the plan or design;
 

 [[Image here]]
 

 (v) Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that
 
 a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.
 

 (Emphasis added). While giving the Appellants the benefit of every reasonable doubt, a review of the record and established case law reveals that the Appellants presented no issues of material fact, and the circuit court’s grant of summary judgment in favor of MDOT was well taken. We will briefly address each reason the circuit court did not err in granting MDOT’s motion for summary judgment.
 

 a.
 
 Maintenance of roads and highways is a discretionary function.
 

 ¶ 8. It is undisputed that the area of highway on which the accident occurred had areas of indentation, or was “rutted out,” and it is likely, that the condition contributed to water pooling on the highway. It is also clear that it is the duty of the State Highway Commission to have the State Highway Department maintain all highways which have been taken over by the State Highway Department for maintenance.
 
 See
 
 Miss.Code Ann. § 65-1-65 (Rev.2005). However, case law reveals that the exercise and performance of that maintenance is a discretionary function.
 

 ¶ 9. Recently, this Court stated that the “statutes do not impose any specific directives ‘as to the time, manner, and conditions for carrying out the [MDOT’s] duty in maintaining highways or posting traffic-control or warning devices; thus, the above duties are not ministerial in nature.’ ”
 
 Knight v. Miss. Transp. Comm’n,
 
 10 So.3d 962, 970(¶ 27) (Miss.Ct.App.2009) (citing
 
 Collins v. Tallahatchie County,
 
 876 So.2d 284, 289 n. 9 (Miss.2004)). “In fact, all [the] statutes require that [MDOT] use its judgment and discretion in carrying out the duties prescribed
 
 *78
 
 therein.”
 
 Id.
 
 (citing
 
 Dancy v. E. Miss. State Hosp.,
 
 944 So.2d 10, 16(¶ 19) (Miss.2006)). “The MTCA ... grants immunity to governmental employees who perform (or decline to perform) an action on the basis of ‘a discretionary function or duty ... whether or not the discretion be abused.’”
 
 Willingham,
 
 944 So.2d at 951-52(¶ 8) (citing Miss.Code Ann. § 11 — 46— 9(l)(d) (Supp.2006)). Also, the supreme court has held that discretionary functions do not require a standard of due care.
 
 Id.
 
 at 952(¶ 8). In other words, “if an employee’s act is discretionary, immunity is granted, regardless of whether due care was exercised in the execution of the duty.”
 
 Id.
 
 We recognize that MDOT has a limited number of funds to disperse in the maintenance and upkeep of the State’s highways. Therefore, MDOT
 
 must
 
 use its discretion and judgment when determining the order in which roads will be resurfaced or repaired. This fact was echoed by Richard Lee, the District Engineer for MDOT, wherein he stated by sworn affidavit that “[t]he District is allotted a finite amount of funds annually for road maintenance. At the discretion of the Agency, those finite available funds are used where the Agency believes they are needed most, particularly on the roads of the State in the most need of repair.” Based upon the plain reading of Mississippi Code Annotated section ll-46-9(l)(d) (Rev.2002) and relevant case law, it is clear that MDOT maintains its immunity under the MTCA in relation to its discretionary functions. Therefore, the Appellants’ argument — that MDOT waived its immunity because it may have had notice of rutting and/or accidents occurring on Highway 68 but failed to repair the condition — is -without merit.
 

 b.
 
 MDOT did not waive its immunity because it did not warn of a possibly dangerous condition.
 

 ¶ 10. The Appellants rely on
 
 Howard v. City of Biloxi,
 
 943 So.2d 751 (Miss.Ct.App.2006) for their argument that MDOT waived its immunity under the MTCA because it had either actual or constructive notice of a defect and did not warn of the dangerous condition. Although
 
 Howard
 
 does discuss the possibility of liability on the part of a governmental entity if it has notice of a dangerous condition, the Appellants give short shrift to the fact that
 
 Howard
 
 clearly states that the city or governmental entity
 
 will not be liable
 
 if the dangerous condition is open and obvious. The Appellants simply claim that the condition was not open and obvious, so they have met all five factors set forth in
 
 Howard.
 
 We disagree.
 

 ¶ 11. In
 
 Howard,
 
 the plaintiff filed suit after she fell on the sidewalk outside a public library.
 
 Id.
 
 at 753(¶ 2). The
 
 Howard
 
 plaintiff claimed that the city had notice of the unevenness of the sidewalk, and the city was responsible for her injury because it faded to correct the unevenness and/or warn of the danger.
 
 Id.
 
 at (¶ 3). However, the
 
 Howard
 
 court found that the governmental agency had not waived its immunity under the MTCA, by failing to warn, because the defect was open and obvious.
 
 Id.
 
 at 756 (¶¶ 14-15).
 

 ¶ 12. The
 
 Howard
 
 court stated:
 

 The Mississippi Tort Claims Act provides the exclusive civil tort remedy against a governmental entity, and as such, dictates the elements a plaintiff must satisfy to recover against the City of Biloxi. The Act, as it relates to the present case, provides immunity to the City in pertinent part:
 

 Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of
 
 *79
 
 the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.
 

 Howard,
 
 943 So.2d at 754(¶ 5) (citing Miss. Code Ann. § 11-46-9(l)(v) (Rev.2004)). In their brief to this Court, the Appellants correctly stated the elements necessary to overcome the immunity provided MDOT under the MTCA, but we disagree with their assertion that they have met all of those elements.
 

 ¶ 13. In
 
 Howard,
 
 this Court clearly stated, “[t]he Act provides that a municipality
 
 ‘shall not be liable
 
 for the failure to warn of a dangerous condition which is obvious to one exercising due care.’ ”
 
 Id.
 
 at 756(¶ 14) (citing Miss.Code Ann. § 11-46-9(l)(v)) (emphasis added). This Court went on to note that the
 
 Howard
 
 plaintiff argued that “the fact that no one reported the unevenness in the sidewalk joints [was] evidence, in and of itself, that the condition was not open and obvious.”
 
 Id.
 
 But, we stated that a purview of the photographs submitted by the
 
 Howard
 
 plaintiff revealed that the unevenness was an open and obvious condition to one exercising due care.
 
 Id.
 
 at (¶ 15).
 
 Howard
 
 is analogous to the instant case.
 

 ¶ 14. The Appellants have also presented photographs, which were taken shortly after the accident, of the area where the accident occurred. From our study of the photographs, it is apparent that the areas of pooled water on Highway 63 were clearly evident to one exercising due care. Although the Appellants argue that the pooling of water was not evident in heavy rain, we decline to offer an opinion about that assertion, as the record reveals that it was not raining heavily at the time of the accident.
 

 ¶ 15. The Appellants presented numerous affidavits with varying accounts about the intensity of the rain on that fateful day, but we place the most emphasis on the statement given by Sipp, the driver of the vehicle that hydroplaned and collided with Beverly’s vehicle. Sipp clearly stated that it had rained heavily a short time before the accident, but it had “changed to a light rain” before the accident. She also stated that she
 
 “saw the water on the road from the rain
 
 and was driving about [fifty to fifty-five] miles per hour[,] and [she] believed the road was safe for that speed.” We do not address whether Sipp’s belief that driving fifty to fifty-five miles per hour in those conditions was reasonable. However, it is certain that “[t]he operator of a motor vehicle has a duty to keep the vehicle under proper control and to drive at a speed
 
 which is reasonable under the conditions that she faces.” Miss. Dep’t. of Transp. v. Trosclair,
 
 851 So.2d 408, 418(¶ 35) (Miss.Ct.App.2003) (citing
 
 Upchurch ex. rel. Upchurch v. Rotenberry,
 
 761 So.2d 199, 205(¶ 24) (Miss.2000)) (finding jury instruction proper, which stated that an operator of a motor vehicle had a duty to keep the vehicle under proper control and to drive at a speed which was reasonable and prudent under existing conditions) (emphasis added).
 

 ¶ 16.
 
 Willingham,
 
 which involved an automobile accident caused by a hydroplaning vehicle, is also analogous to the instant case. In
 
 Willingham,
 
 we stated the following:
 

 In this case, the danger at issue was open and obvious to one exercising ordinary care. It is elementary, common knowledge that driving is more dangerous and should be approached more carefully during bad weather, such as
 
 *80
 
 the weather at the time of the accident in question. Although the pavement at question in this case was rutted and may have heightened the risk for hydroplaning,
 
 the risk of hydroplaning during rainfall is an open and obvious danger, such that the MTC is shielded under the MTCA.
 

 944 So.2d at 953(¶ 16) (emphasis added). Indeed, it is common knowledge that the risk of an accident is increased when driving in bad weather, and Sipp clearly saw the standing water. Although we are not unsympathetic toward the tragedies of that day, We find that the Appellants’ argument that MDOT waived its immunity by failing to warn of a dangerous condition on Highway 63 in George County is without merit: the condition was open and obvious to one exercising due care.
 

 II. WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT THE WEATHER WAS THE SOLE CAUSE OF THE ACCIDENT.
 

 ¶ 17. The Appellants argue that the circuit court erred in finding that the weather was the sole cause of the accident, asserting that they had presented four eyewitness affidavits to the contrary. The Appellants assert that the affidavits of Steve Capello, Hollis Welford, Roosevelt Love, and Sipp clearly dispute that there was a rainstorm shortly before the accident. The Appellants assert that, at most, it was drizzling before the accident. This argument is unpersuasive.
 

 ¶ 18. As previously addressed, Sipp stated that it had been raining heavily and then it changed to a light rain shortly before the accident. Love’s account of the weather that day was like Sipp’s. Love stated that “[i]t had been raining heavily up until about [ten] minutes before the accident, and at that time[,] the rain was a light rain. The road was completely covered with standing water and we were all going very slowly.” Love further stated that he was only driving about forty miles per hour. Welford, who was not driving that day but lived near the scene of the accident, stated that he had been watching the weather out of his window, and it had only been drizzling that day. Regardless of any variation in the affiants’ memories, it is clear from all of the affidavits that it indeed had been raining prior to the accident. It is also clear that the rain caused the pooling on the highway.
 

 ¶ 19. Under Mississippi Code Annotated section 11 — 46—9(l)(q), a governmental entity will not be held liable for injury if that injury was caused solely by the effect of weather conditions on the use of streets and highways. In
 
 Willing v. Estate of Benz,
 
 958 So.2d 1240, 1253(¶ 36) (Miss.Ct.App.2007), this Court held that the city could not be found liable for an accident caused by a patch of ice on the road. The instant case is similar; it simply involves water that was still in its liquid state.
 

 ¶ 20. The following is undisputed: It was raining before and during the time of the accident; the rain caused pooling on Highway 63 in George County; and finally, the pooling of water on Highway 63 in combination with Sipp’s speed caused Sipp’s car to hydroplane and collide with Beverly’s vehicle. Just as in
 
 Willingham,
 
 the rutting of the highway may have heightened the risk of hydroplaning, but nonetheless, it was an open and obvious condition caused solely by the effect of weather.
 
 Willingham,
 
 944 So.2d at 953(¶ 16). Accordingly, We find that the circuit court did not err in determining that weather was the sole cause of the accident.
 

 CONCLUSION
 

 ¶ 21. We recently stated that “where
 
 any
 
 of the immunities enumerated in section 11-46-9(1) apply, the government is completely immune from the
 
 *81
 
 claims arising from the act or omission complained of.”
 
 Knight,
 
 10 So.3d at 971(¶ 33) (emphasis added). We also stated that “even if we may not agree with the wisdom of the statutes regarding the waiver of state sovereign immunity passed by the Legislature, we are bound to follow a statute’s clear, expressed mandate.”
 
 Id.
 
 at (¶ 18) (citing
 
 Wells ex rel. Wells v. Panola County Bd. of Educ.,
 
 645 So.2d 883, 889 (Miss.1994)). “Courts cannot pass judgment upon the wisdom, practicality or even folly of a statute. We must follow it unless it clearly impinges upon some Constitutional mandate.... This is solely the prerogative of the people acting through their Legislature.”
 
 Id.
 
 (citation omitted). In the instant case, MDOT is immune from liability under at least three sub-sections of Mississippi Code Annotated section 11-46-9(1).
 

 ¶ 22. First, it is well settled that the maintenance of state highways is a discretionary function, and Mississippi Code Annotated section 11 — 46—9(l)(d) states that the governmental entity or its employees acting within the course and scope of their employment will not be liable for “the exercise or performance or the failure to exercise or perform a discretionary function or duty ... whether or not the discretion be abused.”
 

 ¶ 23. Second, it is clear that the pooling of water on Highway 63 was the direct result of weather, and under section 11-46 — 9(l)(q), the governmental entity or its employees will not be liable for accidents “[a]rising out of an injury caused solely by the effect of weather conditions on the 'use of streets and highways.” And third, Sipp succinctly stated that it was raining; she saw the standing water on the highway; and section ll-46-9(l)(v) sets forth that a governmental entity will not be liable for accidents caused by a dangerous condition that is open and obvious to one exercising due care, regardless of whether the government had actual or constructive notice. The Legislature has clearly established that MDOT is shielded from liability in cases that arise from the circumstances presented in the instant case.
 

 ¶ 24. In order to overcome the statutory immunity granted to MDOT under the MTCA, the Appellants had the burden to show that: MDOT failed to perform a ministerial duty, rather than a discretionary function; the dangerous condition was not caused solely by the effect of weather; and the dangerous condition was not open and obvious. We have thoroughly reviewed the record, and we find that the Appellants failed to provide any evidence that would create a genuine issue of material fact. Accordingly, the circuit court did not err in granting MDOT’s motion for summary judgment.
 

 ¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . Although we typically avoid referring to a party as "Appellants,” we do so in this case to avoid the tedious and repetitive nature of naming all parties who are appellants. Also, we refer to the Mississippi Department of Transportation simply as MDOT throughout this opinion.
 

 [2]
 

 . In its brief to this Court, MDOT states that it is technically an improper party to this case. MDOT asserts that the Mississippi Transportation Commission (MTC) is actually the proper entity opposing the Appellants. MDOT advised the Appellants of this in its pleadings, but no action was taken by the Appellants to change the name of the party. We take notice of MDOT’s assertion, but in continuity with the style of the case, we will refer to the Appellee as MDOT.
 

 [3]
 

 . The Appellants do not raise any argument on appeal concerning the circuit court’s grant of immunity to MDOT based upon the plan or design of the highway. MDOT presented an affidavit of Todd Jordan, the District Maintenance Engineer for MDOT, to the circuit court. Jordan stated that the section of highway where the accident occurred was approved on October 5, 1950, by T.C. Robbins, the Executive Director of the Mississippi State Highway Department. Jordan also stated that "[i]t was and still is the responsibility of the Project Engineer to make sure that the highway is constructed according to the plans and specifications in effect at the time of said planning and design.”