ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. While driving with five passengers, Linda Pettis lost control of her car and crashed into a tree. According to Pettis, she lost control of her car because of the manner in which rainwater collected in ruts in the asphalt on Highway 603 in Hancock County, Mississippi. Pettis and all five passengers sued the Mississippi Transportation Commission (MTC). MTC denied liability and subsequently filed a motion for summary judgment. According to MTC’s motion for summary judgment, it was entitled to immunity via the Mississippi Tort Claims Act’s provision regarding immunity for discretionary functions. The Hancock County Circuit Court agreed and granted MTC’s motion for summary judgment. Aggrieved, Pettis and the passengers appeal. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In June 2003, Pettis was driving her 2001 Dodge Neon on Highway 603. There were five passengers in Pettis’s car: Beverly Ladner; Donnie Cuevas Jr.; Donnie’s son, Dameon Cuevas Jr.; Amy Cuevas; and Amy’s daughter, Blair Schuman. According to Pettis, rain collected in depressions in the highway surface, which caused her car to hydroplane and crash into a tree.
 

 ¶ 3. On March 15, 2004, Pettis and all five passengers (collectively referred to as the Appellants) provided the Hancock County Board of Supervisors (the Board) and the MTC with notice that they each intended to file claims based on the negligent maintenance of the highway; they each requested $500,000 in damages. On August 12, 2004, the Appellants filed their joint complaint. Within their complaint, they alleged that “the cause of the accident was that the vehicle [they] were in hydroplaned because of ruts formed in the tire tracks in the south bound lane [of Highway 603] in the asphalt surfacing.”
 

 ¶ 4. On March 26, 2009, MTC filed a motion for summary judgment. MTC argued that it was entitled to summary judgment by virtue of the immunities set forth within the MTCA. The circuit court later granted MTC’s motion, entered a judgment in MTC’s favor, and dismissed the Appellants’ complaint.
 

 STANDARD OF REVIEW
 

 ¶ 5. This Court conducts a de novo review of orders granting or denying summary judgment.
 
 Mantachie Natural Gas Dist. v. Miss. Valley Gas Co.,
 
 594 So.2d 1170, 1172 (Miss.1992). According to Rule 56(c) of the Mississippi Rules of Civil Procedure, a circuit court may grant summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” “A fact is material if it ‘tends to resolve any of the issues, properly raised by the parties.’ ”
 
 Webb v. Jackson,
 
 583 So.2d 946, 949 (Miss.1991) (quoting
 
 Mink v. Andrew Jackson Cas. Ins. Co.,
 
 537 So.2d 431, 433 (Miss.1988)).
 

 ¶ 6. The moving party bears the burden of showing that no genuine issue of material fact exists.
 
 Tucker v. Hinds County,
 
 558 So.2d 869, 872 (Miss.1990). Additionally, the circuit court must view the evidence in the light most favorable to the non-moving party.
 
 Russell v. Orr,
 
 700 So.2d 619, 622 (Miss.1997). Furthermore, the circuit court must consider motions for summary judgment with a skeptical eye.
 
 Ratliff v. Ratliff,
 
 500 So.2d 981, 981 (Miss.
 
 *427
 
 1986). It is better for the circuit court to err on the side of denying the motion.
 
 Id.
 

 ANALYSIS
 

 I. DISCRETIONARY-FUNCTION IMMUNITY
 

 ¶ 7. The circuit court ruled that MTC was entitled to immunity from the Appellants’ suit based on the MTCA’s provision regarding discretionary functions. The Appellants claim that the circuit court erred. According to the Appellants, “[MTC’s] Road Superintendent was performing a ministerial function by maintaining Highway 603 and the driveway that intersects Highway 60S at or near the location of [the] accident.”
 

 ¶ 8. “The MTCA provides the exclusive remedy for a party injured by a governmental entity’s tortious acts or omissions.”
 
 Schepens v. City of Long Beach,
 
 924 So.2d 620, 623 (¶ 11) (Miss.Ct. App.2006) (citation omitted). However, Mississippi Code Annotated section 11-46-9(l)(d) (Rev.2002) states:
 

 A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abusedf.]
 

 To determine whether an act or a failure to act is a discretionary function, we use the following two-part test: “(1) whether the activity involved an element of choice or judgment, and if so; (2) whether the choice or judgment in supervision involves social, economic or political policy alternatives.”
 
 Barr v. Hancock County,
 
 950 So.2d 254, 257 (1110) (Miss.Ct.App.2007) (quoting
 
 Jones v. Miss. Dep’t of Transp.,
 
 744 So.2d 256, 260 (¶¶ 9-10) (Miss.1999)). “Conversely, conduct will be considered ministerial, and, therefore, immunity will not apply, if the obligation is imposed by law leaving no room for judgment.”
 

 ¶ 9. Mississippi Code Annotated section 65-1-61 (Rev.2005) states in part:
 

 It shall be the duty of the Transportation Commission to have the Transportation Department construct, reconstruct and maintain, at the cost and expense of the state, all highways under its jurisdiction up to such standards and specifications and with such surfacing material as the Transportation Commission may determine, such paving to be done for each project as rapidly as funds are made available therefor and, as nearly as practicable, immediately upon the completion of all work performed pursuant to grade, drainage and bridge contracts for the project.
 

 In
 
 Knight v. Mississippi Transportation Commission,
 
 10 So.3d 962, 970 (¶ 27) (Miss.Ct.App.2009), this Court interpreted the “may determine” language contained within section 65-1-61 to mean that the Mississippi Legislature directed MTC employees to use their own judgment or discretion in allocating the MTC’s limited resources toward maintaining state highways. In
 
 Knight,
 
 we noted that the Mississippi Supreme Court has held that section 65-1-61 does “not impose any specific directives ‘as to the time, manner, and conditions for carrying out’ the MTC’s duty in maintaining highways or posting traffic-control or warning devices; thus, the above duties are not ministerial in nature.”
 
 Id.
 
 (citation omitted). This Court went on to hold that the MTC’s duty to maintain highways and place warning signs required that it examine public-policy issues.
 
 Id.
 
 Therefore, we held that, according to the two-part test set forth in
 
 Dancy v. East Mississippi State Hospital,
 
 944 So.2d 10, 16 (¶ 19)
 
 *428
 
 (Miss.2006), the MTC’s duty to maintain state highways is a discretionary function.
 
 Knight,
 
 10 So.Sd at 970 (¶ 27).
 

 ¶ 10. We find that there is no genuine issue of material fact that repairing depressions in highways falls within the MTC’s duty to maintain state highways. The MTC is required to exercise its discretion when applying its limited allocated resources toward that maintenance. It follows that there is no genuine issue of material fact that the Appellants’ claims fall within the discretionary-functions immunity as set forth by section 11-46-9(l)(d). We find no merit to this issue.
 

 II. ORDINARY CARE
 

 ¶ 11. According to the Appellants, the MTC had knowledge of the dangerous condition of the depressions in Highway 603. The Appellants note that there had been a fatal accident in the vicinity of the area in which Pettis lost control of her car. Specifically, on January 27, 2000, a young woman died after she lost control of her vehicle and crashed into a tree. The Appellants further note that the MTC was aware that Highway 603 needed to be resurfaced. In October 2000, the Board sent a letter to the MTC to “voice concerns” regarding the condition of Highway 603. Todd Jordan, an Assistant District Engineer for the MTC, responded and informed the Board that Highway 603 was “in the schedule to be overlaid within the next three years.” Jordan further informed the Board that “[cjurrently, there are no maintenance funds available to let any overlay contracts.” In March 2003, Roland Ladner, a homeowner near the site of the accident, wrote a letter to the MTC to complain that there had been “many” wrecks on Highway 603. Jordan informed Roland that the MTC planned to overlay Highway 603 that summer.
 

 ¶ 12. According to the Appellants, because MTC had knowledge of the dangerous nature of the depressions in the highway, MTC is only immune from the Appellants’ suit if MTC exercised ordinary care. The Appellants further reason that because a determination of ordinary care is left to the finder of fact, the circuit court erred when it granted MTC’s motion for summary judgment. To support their position, the Appellants cite
 
 Brewer v. Burdette,
 
 768 So.2d 920, 923 (¶ 18) (Miss.2000). In
 
 Brewer,
 
 the Mississippi Supreme Court held that:
 

 characterizing [a] duty as discretionary alone does not end the inquiry of whether [a school district] has absolute immunity. It must be determined whether [the school district] has exercised ordinary care in both not erecting signs or warnings on the approaches to the driveway and in its construction and maintenance of the parking lot and abutting improvements at the [elementary school].
 

 Id.
 

 ¶ 13. But the Mississippi Supreme Court abrogated
 
 Brewer
 
 in
 
 Collins v. Tallahatchie County,
 
 876 So.2d 284, 289 (¶ 16) (Miss.2004). In so doing, the supreme court held that
 
 Brewer
 
 incorrectly applied the ordinary-care standard to discretionary duties.
 
 Id.
 
 at (¶ 17). The supreme court further held that the ordinary-care standard does not apply to section 11-46-9(l)(d).
 
 Id.
 
 Accordingly, the Appellants’ reliance on
 
 Brewer
 
 is misplaced. Because the ordinary-care standard does not apply to claims that fall under section 11-46-9(l)(d), there was no determination to be made by the fact-finder. This issue is without merit.
 

 ¶ 14. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS
 
 *429
 
 APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.