BARNES, J.,
for the Court:
¶ 1. Mindy Phillips McFarland was driving on State Highway 27 in Copiah County, Mississippi, when she drifted over the highway’s fog line, causing the car’s right wheels to drop onto the low shoulder. In her attempts to return to the roadway, she *1211 crashed the vehicle and sustained several physical injuries. McFarland and Robin Phillips, McFarland’s mother and the owner of the car, filed a complaint, alleging that the Mississippi Department of Transportation (MDOT) was negligent for its failure to identify and repair the dangerous condition. The circuit court granted summary judgment in favor of the MDOT on the basis of immunity under the Mississippi Tort Claims Act (MTCA). Finding no error, we affirm the judgment.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On August 18, 2008, at approximately 5:45 p.m., McFarland was driving Phillips’s Nissan Sentra on Highway 27 when she crossed over the fog line, and the car’s tires dropped onto the shoulder of the highway. As the shoulder was approximately three inches or more below the elevation of the road, McFarland had difficulty re-entering the roadway. On her third attempt, she lost control of the vehicle and shot across the road and hit a tree. McFarland suffered multiple physical injuries, and the car was totally destroyed.
¶ 3. McFarland and Phillips (the Appellants) filed a complaint for negligence against MDOT for its failure to identify the deficiencies in the roadway and shoulder and its failure to repair and maintain Highway 27. MDOT filed a motion for summary judgment, contending that it is a governmental agency performing a discretionary function under the MTCA and thus, immune from liability. The circuit court granted the motion and entered a “Final Judgment of Dismissal with Prejudice” on September 13, 2010. The Appellants now appeal.
STANDARD OF REVIEW
¶ 4. A court’s order granting or denying summary judgment is reviewed de novo. Pettis v. Miss. Transp. Comm’n, 44 So.3d 425, 426 (¶ 5) (Miss.Ct.App.2010) (citing Mantachie Natural Gas Dist. v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992)). Under Mississippi Rule of Civil Procedure 56(c), a circuit court may grant summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
Whether MDOT is entitled to immunity under Mississippi Code Annotated section 11 — 46—9(l)(d).
¶ 5. Section ll-46-9(l)(d) of the Mississippi Code Annotated (Rev.2002) provides that a governmental agency is immune from liability for any act “[biased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]” The intent of this exception “is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.” Wiltshire v. Miss. Fairgrounds Comm’n, 75 So.3d 563, 567 (¶ 10) (Miss.Ct.App.2011) (citing Jones v. Miss. Dept. of Transp., 744 So.2d 256, 260 (¶ 10) (Miss.1999) (overruled on other grounds)). Thus, to determine whether governmental conduct is discretionary, a court must address two questions: “(1) whether the activity involved an element of choice or judgment; and if so, (2) whether the choice or judgment in supervision involves social, economic or political policy alternatives.” Knight v. Miss. Transp. Comm’n, 10 So.3d 962, 968 (¶ 19) (Miss.Ct.App.2009) (quoting Dancy v. E. Miss. State Hosp., 944 So.2d 10, 16 (¶ 18) *1212 (Miss.2006)). “Only those functions which by nature are policy decisions, whether made at the operational or planning level, are protected.” Wiltshire, 75 So.3d at 567 (¶ 10) (quoting Jones, 744 So.2d at 260 (¶ 10)).
¶ 6. The Appellants’ argument concerns the second prong of the test. They contend that MDOT did not furnish proof that its failure to repair the shoulder of the highway involved a social, economic, or political policy. Specifically, the Appellants allege that the decision was not based on any economic policy since the evidence demonstrated “that MDOT had the equipment, materials and/or men on duty to repair the dangerous road condition prior to McFarland’s accident.” The Appellants refer to deposition testimony by Lucy Hurst, the MDOT assistant district engineer of maintenance, to support their argument.
Q. And if they were to put a box blade out there on Section 160 to do shoulder repair work, it wouldn’t cost MDOT any extra money — people on salary. They’re just charging their man-hours back and putting them in the report, correct?
A. Correct.
[[Image here]]
Q. [I]t didn’t cost MDOT an extra penny to put somebody out on a road grader or even a box blade and just use the existing materials and level it up against the highway, correct?
A. That is correct.
[[Image here]]
Q. Okay. Would you agree that MDOT had the equipment, either in the form of the box blade or grader, to go out there and pull the existing material back level with the road back in 2008?
A. Yes.
The Appellants also note reports by the MDOT Highway Maintenance Superintendent for that area for the months preceding and following the accident, which indicate a “shoulder drop-off” on Highway 27. Thus, they claim that MDOT was negligent in its failure to identify and repair the condition.
¶ 7. “[I]t is well settled that the maintenance of state highways is a discretionary functionf.]” Lee v. Miss. Dep’t. Of Transp., 37 So.3d 73, 81 (¶22) (Miss.Ct.App.2009). None of the statutes concerning MDOT’s duty to maintain highways “impose any specific directives ‘as to the time, manner, and conditions for carrying out’ ” said duty. Id at 77 (¶ 9) (quoting Knight, 10 So.3d at 970 (¶ 27)). “In fact, all the statutes require that MDOT use its judgment and discretion in carry out the duties prescribed therein.” Id. at 77-78.
¶ 8. Furthermore, “[ajpplication of the public policy prong of the discretionary function test does not require proof of the thought processes of pertinent decision-makers.” Dotts v. Pat Harrison Waterway Dist., 933 So.2d 322, 328 (¶ 16) (Miss.Ct.App.2006) (citing Elder v. U.S., 312 F.3d 1172, 1182 (10th Cir.2002)). In Hurst’s testimony, she remarked that while the county superintendent for MDOT in that area had access to the equipment and material to fix the shoulder, “he also ha[d] other jobs ... and he has to prioritize his work.” She continued:
One thing I would like to mention, though — you see these five employees? That’s all we have for the entire county of Copiah County, which has a major interstate that runs through it and several other U.S. routes plus secondary routes. So we have several routes that these five men maintain day in and day out.
*1213 As this Court observed in Lee, “MDOT must use its discretion and judgment when determining the order in which roads will be resurfaced or repaired.” Lee, 37 So.3d at 78 (¶ 9). While MDOT may have had the resources available to repair the shoulder, scheduling of the repair and using its five workers in Copiah County, was a judgment involving social and economic policy. It was MDOT’s policy decision how to utilize its resources most effectively.
¶ 9. Accordingly, we agree with MDOT that the mere fact it possessed sufficient resources to repair the alleged defects on the highway is “irrelevant.” The maintenance of highways remains a discretionary function; MDOT’s decision how to prioritize and employ its resources involves social and economic policy. Therefore, we find that MDOT was immune from liability under section ll-46-9(l)(d). Finding no error, we affirm the circuit court’s granting of summary judgment.
¶ 10. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. ROBERTS, J., DISSENTS JOINED BY LEE, C.J., AND RUSSELL, J.