WALLER, Chief Justice,
dissenting:
¶ 18. I agree that the Mississippi Department of Transportation (“MDOT”)[3] is required to inspect and maintain state highways; however, the implementation of maintenance is discretionary because it involves decisions made by employees which must be based on considerations of public policy. Because of this Court’s longstanding bright-line rule that road maintenance and repair is discretionary, I respectfully dissent.
¶ 19. In Mississippi Transportation Commission v. Montgomery, 80 So.3d 789 (Miss.2012), we wrote that, if Section 65-1-65 was “the only statutory provision at issue, we would find that [MDOT] is not immune for the acts carrying out that function” and “[MDOT’s] duty to maintain highways is not discretionary....” Montgomery, 80 So.3d at 798 (¶ 32). Those quotes, taken alone and in isolation, are an incomplete statement of the law to be applied.
¶ 20. Montgomery came to this Court on an interlocutory appeal from a denial of a motion for summary judgment. Id. at 791. The trial court denied MDOT’s motion for summary judgment because it found issues of material fact “existed as to whether [MDOT] had notice of the pothole.” Id. at 800. We found that “the trial court erred by failing first to consider whether the failure to warn was a discretionary function under the public-function test” and reversed the judgment and remanded the case. Id. Thus, we simply ordered the trial court first to consider whether [MDOT’s] duty to warn of a dangerous pothole on a highway was discretionary or ministerial under Section 11-46-9(l)(d) and if it was discretionary, then it would be proper to grant [MDOT’s] motion for summary judgment. Id. at 799-800 (“If the nature of [MDOT’s] duty to warn of this pothole indeed involves choice or judgment and is grounded in policy considerations, then [MDOT] is immune under Section ll-46-9(l)(d)).” Id. In Montgomery, we did not overturn the line of cases cited infra and for good reason.
¶ 21. This Court and the Court of Appeals repeatedly have held that road maintenance and repair are discretionary as opposed to ministerial functions. See *141 Miss. Dep’t of Transp. v. Cargile, 847 So.2d 258, 269 (¶ 44) (Miss.2003), overruled on other grounds by Miss. Trans. Comm’n v. Montgomery, 80 So.3d 789 (Miss.2012); Brewer v. Burdette, 768 So.2d 920, 923 (¶ 17) (Miss.2000), overruled on other grounds by Miss. Trans. Comm’n v. Montgomery, 80 So.3d 789 (Miss.2012); Mohundro v. Alcorn County, 675 So.2d 848, 854 (Miss.1996); Coplin v. Francis, 631 So.2d 752, 754-55 (Miss.1994); State ex rel. Brazeale v. Lewis, 498 So.2d 321, 323 (Miss.1986). See also, McFarland v. Miss. Dep’t of Transp., 81 So.3d 1209, 1212 (¶ 7) (Miss.Ct.App.2012); Farris v. Miss. Transp. Comm’n, 63 So.3d 1241, 1244 (¶ 13) (Miss.Ct.App.2011); Lee v. Miss. Dep’t of Transp., 37 So.3d 73, 81 (¶ 22) (Miss.Ct.App.2009); Knight v. Miss. Transp. Comm’n, 10 So.3d 962, 970 (¶ 27) (Miss.Ct.App.2009). As the cases cited supra clearly illustrate, the duty to maintain highways and right-of-way under Section 65-1-65 is a discretionary function, which necessarily involves economic and policy considerations.
¶ 22. Under the Mississippi Torts Claims Act (“MTCA”), a governmental entity and its employees are immune from liability for claims arising from “the exercise or performance or the failure to exercise or perform a discretionary function or duty[.]” Miss.Code Ann. § ll-46-9(l)(d) (Rev.2012). A two-prong analysis is required to determine whether governmental conduct is discretionary: “(1) whether the activity involved an element of choice or judgment; and if so, (2) whether the choice or judgment ... involves social, economic or political policy alternatives.” Doe v. State ex rel. Miss. Dep’t of Corrections, 859 So.2d 350, 356 (Miss.2003) (quoting Bridges v. Pearl River Valley Water Supply Dist., 793 So.2d 584, 588 (Miss.2001)). A governmental duty is ministerial if “the duty is one which has been positively imposed by law ... its performance required at a time and in a manner or upon conditions which are specifically designated....” L.W. v. McComb Separate Mun. Sch. Dist., 754 So.2d 1136, 1141 (Miss.1999). See also City of Jackson v. Doe ex rel. J.J., 68 So.3d 1285 (Miss.2011) (operation of a city park was a discretionary function because no regulations dictated the manner in which a city park should be operated).
¶ 23. Section 65-1-65 provides in part, “it shall be the duty of the director, subject to the rules, regulations and orders of [MDOT] ... to organize an adequate and continuous patrol for the maintenance, repair, and inspection of all of the state-maintained state highway system[.]” Miss.Code Ann. § 65-1-65 (Rev.2012). With regard to the first prong of the test, Section 65-1-65 clearly involves an “element of choice or judgment,” because it gives discretion to MDOT to determine how the highways are to be maintained by setting rules and organizing patrols throughout the state’s thousands of miles of highway.
¶ 24. Regarding the second step for determining discretionary-function immunity, this Court reasoned, as it pertained to road maintenance by a member of a board of supervisors in Brazeale:
[W]e recognize that, for various reasons, at least some roads may be in a state of disrepair from time to time, particularly due to the lack of funds, which would, of course, require that the main, heavily-traveled roads receive the supervisor’s immediate attention. Certainly, making the determination as to which roads should be the better maintained under such conditions would be a discretionary matter....
Brazeale, 498 So.2d at 323. Following this rationale, Court of Appeals wrote in Lee v. Mississippi Department of Transportation: “We recognize that MDOT has a limited number of funds to disperse in the maintenance and upkeep of the State’s *142 highways. Therefore, MDOT must use its discretion and judgment when determining the order in which roads will be resurfaced or repaired.” Lee, 37 So.3d at 78 (¶ 9).
¶ 25. Section 65-1-65 does not specify in what manner or under what conditions maintenance is to be performed, thus calling for discretion and judgment on the part of MDOT. Further, highway maintenance by MDOT involves policy and economic considerations through the exercise of MDOT’s discretion in determining which highways or roads should be repaired first and which maintenance issues are most important.
¶ 26. I would affirm the Court of Appeals decision and the judgment of the trial court and follow the precedent this Court has established since the Mississippi Torts Claims Act was adopted in 1984. I would find that MDOT’s duty to maintain, repair, and inspect highways is discretionary, and MDOT is entitled to discretionary function immunity under Mississippi Code Section 11 — 46—9(l)(d).
¶ 27. For the above-mentioned reasons, I respectfully dissent.

. The majority opinion refers to tire Mississippi Department of Transportation as the "Department.” Many cases, including some cited in this opinion, refer to the "Commission” or the State Highway Commission and some to the Mississippi Department of Transportation or "MDOT.” The statutes, including the one at issue here, Mississippi Code Section 65-1-65, place “the duty of the State Highway Commission to have the State Highway Department maintain all highways.” Miss.Code Ann. § 65-1-65 (Rev.2005). I will use the term "MDOT” to refer collectively to the State Highway Commission and to the Mississippi Department of Transportation.