932 So.2d 831 (2005)
Ravin HAYES, Appellant
v.
GREENE COUNTY, Mississippi, Appellee.
No. 2004-CA-01299-COA.
Court of Appeals of Mississippi.
October 25, 2005.
Rehearing Denied March 28, 2006.
A. Malcolm N. Murphy, Lucedale, attorney for appellant.
Richard Eugene Cassady, Walter William Dukes, Gulfport, attorneys for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Ravin Hayes appeals an order granting summary judgment by the Circuit Court of Greene County in her personal injury suit against Greene County. She asserts two issues on appeal, but this Court finds the first issue to be dispositive of the appeal. That issue, as stated by Hayes is:
Greene County is not entitled to absolute immunity under Mississippi Code Annotated § 11-6-9(1)(q) while conducting *832 garbage pickup operations during hazardous foggy conditions in violation of Mississippi Code Annotated § 63-3-903.
Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. At approximately 7:00 a.m., November 26, 2001, Ravin Hayes was traveling southbound on Mississippi Highway 63 in Greene County. Due to heavy fog, visibility was poor. As a result of this poor visibility, Hayes had difficulty seeing a Greene County garbage truck, which was stopped ahead of her on the highway. However, she did see the truck in sufficient time to stop her vehicle and avoid colliding with the truck. Shelly Mitchell was traveling behind Hayes. Mitchell's vehicle struck Hayes' vehicle from the rear. Hayes' neck was broken as a result of the accident. Hayes settled her claim against Mitchell, and subsequently filed suit against Greene County on July 29, 2002. Greene County filed a motion for summary judgment on March 26, 2003, claiming that weather was the sole cause of the accident, and that it was therefore entitled to immunity under Mississippi Code Annotated § 11-46-9(1)(q) (Rev. 2002). The Greene County Circuit Court granted the summary judgment motion on June 26, 2003. The judge denied Hayes' motion to reconsider on June 9, 2004, and entered a final order granting Greene County's summary judgment motion.

DISCUSSION
¶ 3. A motion for summary judgment should only be granted when there are no disputed material facts. Robinson v. Singing River Hosp. Sys., 732 So.2d 204, 207 (¶ 7) (Miss.1999). The burden of proving the absence of disputed material issues of fact rests upon the moving party. Miller v. Meeks, 762 So.2d 302 (¶ 3) (Miss. 2000). When faced with a motion for summary judgment, the court is obligated to review all evidentiary matters before it, including admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. Id. In considering whether there exists material disputed facts, the court is obligated to view the facts in the light most favorable to the nonmoving party. Robinson, 732 So.2d at 206 (¶ 7). If after having done so, the court finds that the plaintiff would be unable to prove any set of facts, which would support his or her claim, then summary judgment is appropriate. Id.
¶ 4. On appeal, we review the grant of summary judgment de novo, applying the same standards as the trial court. Massey v. Tingle, 867 So.2d 235, 238 (¶ 6) (Miss. 2004).
¶ 5. The trial court found that the weather was the sole proximate cause of this collision, and that under Mississippi Code Annotated § 11-46-9(1)(q), Greene County was exempt from liability. That statute states: "(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . (q) arising out of an injury caused solely by the effect of weather conditions on the use of streets or highways." Miss.Code Ann. § 11-46-9(1)(q).
¶ 6. Hayes testified that it was extremely foggy, and that visibility was limited to the approximate length of a vehicle. She noted that the hazard lights on the garbage truck were flashing, and she was therefore able to see it upon getting close. As a result, she was able to stop her vehicle in sufficient time to avoid a collision with the garbage truck.
¶ 7. Mitchell testified that she had never seen it that foggy. She indicated that it was so foggy, that she was unable to tell that her headlamps were illuminated. *833 Mitchell described the events leading up to the collision by saying, "I was driving along. I never saw her car or the garbage truck, or anything else, for that matter. I never hit the brakes." Mitchell testified that she never hit her brakes prior to hitting Hayes, and that had the weather been clear, she would have seen Hayes' vehicle in sufficient time to have avoided the collision.
¶ 8. The testimony of Hayes and Mitchell was sufficient to establish the dense fog as the cause of the collision, and thereby afford to Greene County the protection of Mississippi Code Annotated § 11-46-9(1)(q). This Court therefore finds no error in the grant of summary judgment.
¶ 9. We note that even if we were inclined to hold that the dense fog was not the sole proximate cause of the collision, and that Greene County, as argued by Hayes, had violated Mississippi Code Annotated § 63-3-903 (Rev.2004)[1], summary judgment would still have been proper.
¶ 10. The failure to comply with a statute without a showing that such failure to comply caused the injury complained of will not withstand a motion for summary judgment. The facts of this case indicate that Hayes' injuries were attributed to Mitchell, rather than the conduct of Greene County. Accordingly, the grant of summary judgment by the trial court is affirmed.
¶ 11. THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES, AND ISHEE, JJ., CONCUR.
NOTES
[1] Mississippi Code Annotated § 63-3-903(3) states:

Any vehicle used solely for the purpose of collecting solid waste, under a contract with any county, municipality, resident, or business for the collection of solid waste may stop or stand on the road, street, or highway for the sole purpose of collecting solid waste. Such solid waste collection vehicle shall maintain hazard lights on the vehicle at all times that it is engaged in stopping or standing for the purpose of solid waste collection.