924 So.2d 620 (2006)
Henry SCHEPENS and Joan Schepens, Appellants
v.
CITY OF LONG BEACH, Appellee.
No. 2004-CA-02367-COA.
Court of Appeals of Mississippi.
March 21, 2006.
*621 Jim Davis, attorney for appellants.
L. Grant Bennett, Hattiesburg, L. Clark Hicks, attorneys for appellee.
Before KING, C.J., BARNES and ROBERTS, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. Henry and Joan Schepens (Schepens) sued the City of Long Beach, Mississippi (Long Beach) in the First Judicial District of the Harrison County Circuit Court. Schepens claimed that Long Beach failed to maintain a road and caused damage to his vehicles. The matter proceeded to trial. After Schepens presented his case-in-chief, Long Beach filed a successful motion to dismiss pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure. *622 Post-judgment, Schepens filed an unsuccessful motion for new trial. Aggrieved, Schepens appeals and raises two issues:
I. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED [LONG BEACH'S] MOTION FOR DISMISSAL PURSUANT TO M.R.C.P. RULE 41(b).
II. THE TRIAL COURT ERRED WHEN IT DENIED [SCHEPENS'S] MOTION FOR A NEW TRIAL.
Finding no error, we affirm.

FACTS
¶ 2. Henry and Joan Schepens moved to Harrison County sometime between 1963 and 1964. At that time, Schepens made his home at the dead end of a dirt road called North Nicholson Avenue. Before he moved there, Schepens asked Harrison County officials to "open up" the road. The county complied and maintained the road with a "motor grader."
¶ 3. In 1980, the City of Long Beach annexed the area, including Schepens's property at the end of North Nicholson Avenue. Long Beach did not own a motor grader. However, at Long Beach's request, Harrison County would sometimes grade North Nicholson Avenue. Additionally, Long Beach sometimes used tractors to grade the road.
¶ 4. According to Schepens's trial testimony, the road deteriorated after rainstorms. To repair the road, Long Beach filled potholes with gravel and sand. Other times, Long Beach removed sand and added gravel. Regardless, Schepens found the road unacceptably difficult to drive across.
¶ 5. On July 20, 1999, Schepens filed his complaint in the First Judicial District of the Harrison County Circuit Court. Schepens claimed that Long Beach failed to improve or maintain the road. Schepens sought to recover $100,000 in alleged damages for Joan's physical damage and emotional stress as well as property damage to his vehicles.
¶ 6. On September 28, 2004, Schepens and Long Beach went to trial. After Schepens presented his case-in-chief, Long Beach filed a motion to dismiss pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure. The circuit court granted Long Beach's motion to dismiss.
¶ 7. Accordingly, the circuit court entered a judgment in favor of Long Beach. Posttrial, Schepens filed a motion for new trial or, alternatively, a motion for judgment notwithstanding the verdict. The circuit court denied both motions. Schepens now appeals to this Court and claims the circuit court erred when it granted Long Beach's motion to dismiss.

ANALYSIS

I. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED [LONG BEACH'S] MOTION FOR DISMISSAL PURSUANT TO M.R.C.P. RULE 41(b).
¶ 8. When a party files a motion to dismiss in a non-jury case, the trial court must consider the evidence fairly and give the evidence such weight and credibility as the trial judge finds is appropriate. Buelow v. Glidewell, 757 So.2d 216(¶ 12) (Miss. 2000). The trial judge should deny the motion if the evidence viewed in that light and left unrebutted would entitle the plaintiff to judgment. Id. On the other hand, the trial judge should grant the motion if the plaintiff failed to prove one or more essential elements of his claim or if the quality of the plaintiff's evidence is insufficient to sustain the plaintiff's burden of proof. Id. We apply the substantial evidence/manifest *623 error standards to an appeal of a grant or denial of a motion to dismiss pursuant to M.R.C.P. 41(b). In re Adoption of D.N.T., 843 So.2d 690(¶ 50) (Miss.2003). "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings will not be reversed on appeal where they are supported by substantial, credible, and reasonable evidence." Donaldson v. Covington County, 846 So.2d 219(¶ 11) (Miss.2003).
¶ 9. Schepens sued Long Beach under a negligence claim. "A claim of negligence has four elements: duty, breach, causation, and damages." Price v. Park Management, Inc., 831 So.2d 550(¶ 5) (Miss.Ct.App.2002). "To prevail on a negligence claim, a plaintiff must prove by a preponderance of the evidence each element of negligence: duty, breach of duty, proximate causation and injury." K-Mart Corp. v. Hardy ex rel. Hardy, 735 So.2d 975(¶ 14) (Miss.1999). We begin our analysis with an examination of Long Beach's duty to Schepens.
¶ 10. According to Schepens, Long Beach had a duty to maintain North Nicholson Avenue. Schepens's authority for his conclusion is an order from the Harrison County Chancery Court incident to Long Beach's annexation of Schepens's property on May 5, 1980. In that chancery court order, the chancery court incorporated an ordinance known as Ordinance 314. Section 5 of Ordinance 314 said, "The City of Long Beach shall furnish to said annexed territory the following municipal or public services beginning within (6) months from the effective date of this ordinance, to wit: . . . (c) Maintenance of existing streets."
¶ 11. The Mississippi Tort Claims Act provides the exclusive remedy for a party injured by a governmental entity's tortious acts or omissions. Jenkins v. Mississippi Dept. of Transp., 904 So.2d 1207(¶ 32) (Miss.Ct.App.2004). According to the Tort Claims Act, "a governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid." Miss.Code Ann. § 11-46-9(1)(b) (Rev.2002) (emphasis added). Accordingly, Long Beach is immune to Schepens's negligence claim.
¶ 12. Further, "a governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of an injury solely by the effect of weather conditions and the use of streets and highways." Miss.Code Ann. § 11-46-9(1)(q) (Rev.2002). At trial, Schepens's attorney asked Schepens to describe the problems with the dirt road. Schepens replied, "naturally a dirt road, when it goes to raining, you're going to start getting potholes in it. That's when it needs to be graded." Accordingly, Schepens's claim arose from an injury which resulted solely from the effect rain had on North Nicholson Avenue. As such, Long Beach is immune from Schepens's claim under Section 11-46-9(1)(q).
¶ 13. Schepens also suggested that Long Beach was negligent for failing to purchase grading equipment. Schepens testified, "And since [Long Beach] did not have a motor grader, they'd have to ask the county to come in there and do it. Well, the county had theirs to do, and so it was set sort of off on the back burner at low priority. So it started getting really *624 bad." Even if one concluded that Long Beach had a duty to purchase its own grading equipment, "a governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services." Miss. Code Ann. § 11-46-9(1)(g) (Rev.2002).
¶ 14. Applying the Mississippi Tort Claims Act, it is clear that Long Beach was immune to Schepens's claim. Accordingly, the circuit court did not err when it granted Long Beach's motion to dismiss. We affirm the decision of the circuit court.

II. THE TRIAL COURT ERRED WHEN IT DENIED [SCHEPENS'S] MOTION FOR A NEW TRIAL.
¶ 15. Our resolution of the previous issue renders this issue moot. It should suffice to say that the circuit court did not err when it denied Schepens's motion for a new trial.
¶ 16. THE JUDGMENT OF THE FIRST JUDICIAL DISTRICT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.