# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01117-COA

**KENNETH L. OSTROWSKI JR.**                                                                                          **APPELLANT**

**v.**

**CITY OF D'IBERVILLE, MISSISSIPPI**                                                                        **APPELLEE**

DATE OF JUDGMENT:                    06/16/2017
TRIAL JUDGE:                                 HON. LISA P. DODSON
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT,
                                                      SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:          MICHAEL JOSEPH YENTZEN
ATTORNEY FOR APPELLEE:            NANCY L. SIPLES BRUMBELOE
NATURE OF THE CASE:                  CIVIL - PERSONAL INJURY
DISPOSITION:                               AFFIRMED - 06/05/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.

### LEE, C.J., FOR THE COURT:

¶1.     Kenneth Ostrowski Jr. sued the City of D'Iberville, Mississippi, under the Mississippi

Tort Claims Act (MTCA)[1] for damages he sustained in a motor-vehicle accident. The

Harrison County County Court granted the City's motion for summary judgment, finding that

it was immune from liability under Mississippi Code Annotated section 11-46-9(1)(q) (Rev.

2012). Ostrowski appealed to the Harrison County Circuit Court, Second Judicial District,

and the circuit court affirmed the county court's decision. In this appeal, we must determine

whether the circuit court erred in affirming the county court's decision. Finding no error, we

---

[1] Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2012 & Supp. 2017).

affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On May 10, 2014, Ostrowski was driving on a city road during a heavy rain storm when he struck a displaced manhole cover, causing his car to slide and strike the curb. Ostrowski's car flipped and landed on its side on the property adjacent to the road. He stated that he was driving below the posted speed limit. Ostrowski was injured, and his car was damaged.

¶3.     In his complaint, Ostrowski alleged that the manhole cover was displaced due to "rising water because of design and deficiencies" of the City's sewer system. In support of his argument, Ostrowski produced an affidavit from a civil engineer, Dreux Seghers. In his affidavit, Seghers stated that the manhole cover was displaced due to rain water increasing the volume of water in the sewer system and that repairs were necessary to minimize the flow of rain water or ground water into the sewer system. However, the county court determined that Seghers's affidavit was not admissible since it did not meet the criteria of Mississippi Rule of Evidence 702. On appeal to the circuit court, the circuit court found no abuse of discretion by the county court in excluding Seghers's affidavit. Ostrowski does not raise the issue of the admissibility of Seghers's affidavit in this appeal.

¶4.     Ostrowski did not produce additional evidence that the sewer system contained design deficiencies or that the City knew or should have known that the manhole cover would be displaced by rising water. The record is silent as to whether the manhole cover had been displaced by rising water prior to Ostrowski's accident.

## STANDARD OF REVIEW

¶5.     The grant or denial of a motion for summary judgment is reviewed de novo. *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013).  We view the evidence "in the light most favorable to the party against whom the motion has been made."  *Id*.  Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  M.R.C.P. 56(c).  "The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law."  *Karpinsky*, 109 So. 3d at 88 (¶11).  Further, if at trial, the movant would bear the burden of proof, he also bears the burden of production for summary judgment.  *Id*.  However, the nonmovant may not "rest upon the mere allegations or denials of his pleadings." M.R.C.P. 56(e).  The nonmovant must respond "by affidavits or as otherwise provided in [Rule 56]," and he "must set forth specific facts showing that there is a genuine issue for trial."  *Id.*  "If he does not so respond, summary judgment, if appropriate, shall be entered against him."  *Id*.

¶6.     We also use a de novo standard of review regarding the application of the MTCA. *City of Jackson v. Harris*, 44 So. 3d 927, 931 (¶19) (Miss. 2010).

## DISCUSSION

¶7.     Section 11-46-9(1)(q) provides immunity to a governmental entity for claims "[a]rising out of an injury caused solely by the effect of weather conditions on the use of

3

streets and highways." In his only issue on appeal, Ostrowoski argues that section 11-46-9(1)(q) was not applicable since the rain was not the sole cause of his accident; rather, the City's negligence in maintaining the sewer system caused the manhole cover to be displaced during the rain storm. As a result, Ostrowski argues that the City's negligence was the proximate cause of his injuries.

¶8. Few cases discuss this particular governmental immunity. In one case, a dense fog had created limited visibility on a county road. *Hayes v. Greene Cty.*, 932 So. 2d 831, 832 (¶2) (Miss. Ct. App. 2005). A county-operated garbage truck had stopped in the road, and the plaintiff stopped to avoid hitting the garbage truck. *Id.* However, another driver, with limited visibility due to the fog, struck the plaintiff's car from behind, causing damage. *Id.* The plaintiff sued the county, but the trial court granted summary judgment, finding section 11-46-9(1)(q) applied. *Hayes*, 932 So. 2d at 832 (¶2). We affirmed, finding that "[t]he testimony of [the plaintiff] and [the second driver] was sufficient to establish the dense fog as the cause of the collision, and thereby afford to [the county] the protection of [section] 11-46-9(1)(q)." *Hayes*, 932 So. 2d at 832 (¶8).

¶9. In *Schepens v. City of Long Beach*, 924 So. 2d 620, 623 (¶12) (Miss. Ct. App. 2006), the property owners claimed damages due to potholes in the dirt road leading to their property. The road deteriorated after rainstorms, resulting in potholes. *Id.* The property owners sued the City of Long Beach for failure to improve and maintain the road. *Id.* at 622 (¶5). This Court found several provisions of the MTCA provided immunity to the City, including section 11-46-9(1)(q). *Schepens*, 924 So. 2d at 623-24 (¶¶11-13). Although there

4

was testimony that the road needed to be graded after rainstorms to prevent potholes, we found that the property owners' claim "arose from an injury which resulted solely from the effect rain had on" the road in question. *Id.* at 623 (¶12).

¶10.    In *Willing v. Estate of Benz*, 958 So. 2d 1240, 1253 (¶36) (Miss. Ct. App. 2007), this Court found the governmental entity could not be liable for an accident caused by a patch of ice on the road. We further discussed our holding in *Schepens*, stating:

> We did not hold in *Schepens* that the city did not have a duty to maintain the roads, only that the city was immune under the circumstances for any alleged failure to perform that duty because the accident at issue was caused by potholes which were in turn caused by the effects of weather on the dirt road. [*Schepens*, 924 So. 2d at 623 (¶12).] Similarly, we do not hold in the case sub judice that the City of Greenwood did not have a duty to warn of the patch of ice on the highway, we hold that the city is immune from any alleged breach of that duty because the ice was caused solely by the "effect of weather on the use of streets and highways."

*Willing*, 958 So. 2d at 1254 (¶38) (citations omitted).

¶11.    The most recent case concerned an accident on a road where water had pooled after a rainstorm. *Lee v. Miss. Dep't of Transp.*, 37 So. 3d 73, 75 (¶2) (Miss. Ct. App. 2009), overruled by *Little v. Miss. Dep't of Transp.*, 129 So. 3d 132, 138 (¶11) (Miss. 2013). The trial court granted the Mississippi Department of Transportation's (MDOT) motion for summary judgment, finding several provisions of the MTCA provided immunity to MDOT. *Lee*, 37 So. 3d at 81 (¶¶22-23). We identified several events contributing to the accident, including MDOT's notice of the ruts in the road, MDOT's responsibility for road maintenance, the pooling of the water caused by the ruts in the road, and the speed of the driver that caused the accident. *Id.* at 76, 79 (¶¶6, 15). In regard to the application of section

5

11-46-9(1)(q), we held that the weather was the sole cause of the accident—"the rutting of the [road] may have heightened the risk of hydroplaning, but nonetheless, it was an open and obvious condition caused solely by the effect of weather." *Id.* at 80 (¶20). We further held that roadway maintenance was a discretionary function; thus, MDOT was entitled to immunity under section 11-46-9(1)(d). *Lee*, 37 So. 3d at 77-78 (¶¶8-9). However, *Lee* was reversed by the Mississippi Supreme Court in *Little v. Mississippi Department of Transportation*, 129 So. 3d 132, 138 (¶11) (Miss. 2013). The court in *Little* clarified the standard for determining whether discretionary function immunity applied and concluded that the function of roadway maintenance was ministerial since it was mandated by statute. *Id.*

¶12. Here, both Ostrowski and the City agreed that the manhole cover was displaced by rising water. The burden then shifted to Ostrowski to respond "by affidavits or as otherwise provided in [Rule 56]," and to "set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). Although Ostrowski claimed that the cover was displaced due to either a faulty design or deficiencies in the sewer system, he failed to create a genuine issue of material fact "by affidavits or as otherwise provided" that the manhole cover was not displaced solely by the effect of the rain. We find summary judgment was properly granted in favor of the City.

¶13. **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**