# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01446-COA

**MELISSA SMITH**                                                                                    **APPELLANT**

**v.**

**PIKE COUNTY, MISSISSIPPI**                                                            **APPELLEE**

DATE OF JUDGMENT:            02/28/2019
TRIAL JUDGE:                        HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:    PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       EDWIN L. BEAN JR.
ATTORNEY FOR APPELLEE:        WILLIAM ROBERT ALLEN
NATURE OF THE CASE:           CIVIL - PERSONAL INJURY
DISPOSITION:                  AFFIRMED - 02/09/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     Melissa Smith appeals the Pike County Circuit Court's grant of summary judgment in favor of Pike County, Mississippi ("County"). In March 2016, Smith drove her vehicle across a washout on a County road and sustained injuries. As a result, she brought a negligence action against the County. The County filed a motion for summary judgment, claiming immunity under the Mississippi Tort Claims Act ("MTCA"). The circuit court ultimately granted the County's motion. Smith filed a motion for reconsideration. The court denied Smith's motion, and she appealed. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On the evening of March 12, 2016, Smith was driving eastbound on Magnolia-

Holmesville Road in the County when she drove her vehicle over a washout. The washout was a result of a "significant rain event" that occurred on the evening of March 10 and early morning of March 11. According to Smith, there were no signs on the eastbound lane warning motorists of the washout.

¶3. On September 1, 2016, Smith filed a complaint against the County for negligence per se and/or negligence. Specifically, she claimed that the County failed to place proper warnings in advance of the washout, failed to act with ordinary and reasonable care, failed to comply with the regulations set forth in the Manual on Uniform Traffic Control Devices, failed to comply with Mississippi Code Annotated sections 11-46-9-(1)(v) and (1)(w) (Rev. 2019) of the MTCA, and allowed an unreasonably dangerous and hazardous condition to exist in the road. On October 4, 2016, the County filed its answer and affirmative defenses. The County admitted that a washout occurred on Magnolia-Holmesville Road the date of the accident but claimed immunity under the MTCA. On February 27, 2017, the circuit court entered an agreed order limiting discovery.[1]

¶4. On October 10, 2017, the County filed a motion for summary judgment. In relevant part, the County argued that Smith's claims were barred by Mississippi Code Annotated section 11-46-9-(1)(q) (Rev. 2019), otherwise known as the "weather exception." That section states "[a] governmental entity and its employees acting within the course and scope

_____

[1] The order specifically allowed the County to participate in limited immunity-related discovery without waiving any immunities or other affirmative defenses.

2

of their employment or duties shall not be liable for any claim . . . arising out of an injury **caused solely** by the effect of weather conditions on the use of streets and highways." Miss. Code. Ann. §11-46-9-(1)(q) (emphasis added). On June 8, 2018, Smith filed a response and argued, among other things, that section 11-46-9(1)(q) was inapplicable because "the condition that caused the washout that plaintiff's vehicle entered on the night of March 12 . . . had long passed." The court held a hearing on February 8, 2018. On June 28, 2018, the circuit court denied the County's motion.

¶5.     The County filed its motion for reconsideration on July 13, 2018. The County also filed a petition for interlocutory appeal, which the Supreme Court denied. Following a hearing, on February 28, 2019, the circuit court granted the County's motion for summary judgment, which had been previously denied. In its order, the court held that the County was immune under section 11-46-9(1)(q).

¶6.     On March 7, 2019, Smith filed a motion for reconsideration, which the circuit court denied. Smith appealed.

## STANDARD OF REVIEW

¶7.     We review a trial court's grant or denial of summary judgment de novo. *Miss. Dep't of Revenue v. Hotel & Rest. Supply*, 192 So. 3d 942, 945 (¶5) (Miss. 2016). A party is entitled to summary judgment if the record shows that there is no genuine issue of material fact and that the party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). We review the summary judgment record in the light most favorable to the nonmoving party.

*Thomas v. Chevron U.S.A. Inc.*, 212 So. 3d 58, 60 (¶7) (Miss. 2017). However, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Mississippi Rule of Civil Procedure 56], must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). "To withstand summary judgment, the party opposing the motion must present sufficient proof to establish each element of each claim." *Sharrieff v. DBA Auto. Two LLC*, 242 So. 3d 944, 947 (¶9) (Miss. Ct. App. 2018).

## ANALYSIS

¶8. Smith's argument on appeal is two-fold. First, she argues that section 11-46-9(1)(q) is inapplicable because the dangerous condition was not **solely** caused by the weather conditions but rather in conjunction with the County's failure to warn. Second, she argues that the section is inapplicable because the accident did not occur simultaneously with the weather that caused the washout.

¶9. Under section 11-46-9(1)(q), a governmental entity cannot be held liable for an injury if that injury was caused solely by a weather condition. "Questions concerning the application of the MTCA are reviewed de novo." *Miss. Dep't of Pub. Safety v. Durn*, 861 So. 2d 990, 994 (¶7) (Miss. 2003) (citing *Donaldson v. Covington County*, 846 So. 2d 219, 222 (¶11) (Miss. 2003)). Immunity is a question of law. *See Mitchell v. City of Greenville*, 846 So. 2d 1028, 1029 (¶8) (Miss. 2003).

¶10. Smith first argues that the rain event did not solely cause the accident because, had

4

the County placed proper warnings on the road, she would not have driven over the washout. In several cases, this Court and the Mississippi Supreme Court have addressed government immunity under section 11-46-9(1)(q).

¶11.    In *Schepens v. City of Long Beach*, 924 So. 2d 620, 622 (¶4) (Miss. Ct. App. 2006), the property owner lived at the end of a dirt road, which "deteriorated after rain storms." To repair the road, the city would either fill the potholes each time with gravel and sand or remove the sand and add more gravel. *Id*. Ultimately, the property owner sued the city for negligently failing to maintain a road that caused damage to his vehicles. *Id*. at (¶5). During trial, the city filed a motion to dismiss. *Id*. at (¶6) The court granted the city's motion based on the weather exception, and the property owner appealed. *Id*.

¶12.    On appeal, this Court affirmed the circuit court's dismissal under several MTCA provisions, including the weather exception of section 11-46-9(1)(q). *Id*. at 623 (¶12). In doing so, this Court specifically referred to the property owner's testimony that the rain caused the potholes and held that "[his] claim arose from an injury which resulted solely from the effect rain had on [the road]." *Id*.

¶13.    In *Willing v. Estate of Benz*, 958 So. 2d 1240, 1243-44 (¶3) (Miss. Ct. App. 2007), a woman drove over a patch of ice and hit and killed a man who was repairing a construction sign. That sign was damaged earlier in the day when another driver hit the same patch of ice. *Id*. at 1244 (¶3). The Greenwood Police Department had dispatched an officer to the first accident, who notified the Mississippi Department of Transportation (MDOT) of ice on the

road. *Id*. The officer did not place any warning signs on the road, and MDOT did not remove or repair the icy patch until after the second accident. *Id*. As a result, the decedent's family brought a wrongful-death action against the City of Greenwood, claiming that the city negligently failed to warn of the patch of ice. *Id*. at (¶4). The city filed a motion for summary judgment, claiming immunity under Section 11-46-9(1)(q). *Id*. at 1245 (¶7). The circuit court granted the city's motion, and the decedent's family appealed. *Id*.

¶14. On appeal, this Court agreed that summary judgment was proper because the accident was caused solely by the icy patch on the road. *Id*. at 1254 (¶38). Notably, this Court was not persuaded by the family's argument that the city's alleged failure to warn of the icy patch rendered Section 11-46-9(1)(q) inapplicable. *Id*. To be sure, this Court did not hold that the city had no duty to warn of the icy patch. Rather, this Court held that "the city [was] immune from any alleged breach of that duty because the ice was caused solely by the 'effect of the weather on the use of streets and highways.'" *Id.* (citing *Horan v. State*, 514 A.2d 78, 79 (N.J. Super. Ct. App. Div. 1986)) (other citation omitted).

¶15. In *Ostrowski v. City of D'Iberville*, 269 So. 3d 418, 419 (¶2) (Miss. Ct. App. 2018), the driver was injured on a city road when his vehicle struck a displaced manhole cover during a heavy rainstorm. The driver sued the city, alleging the city sewer system's design deficiencies caused the manhole's displacement. *Id*. at (¶3). Similar to the present case, the driver argued that section 11-46-9(1)(q) was inapplicable because the "the rain was not the sole cause of the accident" because the city's negligence contributed to the accident. *Id*. at

421 (¶7). The driver, however, failed to provide any evidence that the sewer system actually contained deficiencies or that the city knew or should have known rising water would displace the manhole cover. *Id*. at 419 (¶4). The circuit court ultimately affirmed the county court's grant of summary judgment under the weather exception. *Id*. at (¶1). This Court affirmed, stating that "both [the driver] and the [c]ity agreed the manhole cover was displaced by rising water." *Id*. at 421 (¶12). We explained that although the driver claimed the city sewer system's design deficiencies caused the manhole cover's displacement, he failed to create a genuine issue of material fact that the rain was not solely responsible. *Id*.

¶16. Most recently, in *Robinson v. Holmes County*, 284 So. 3d 730 (Miss. 2019) (plurality opinion), the plaintiff sued the county for negligence after his vehicle collided with a county garbage truck during a "dense fog." *Id*. at 731 (¶3). Specifically, he claimed that the garbage truck blocked his lane of travel and that the employees failed to "display reasonable warning devices." *Id*. at (¶4). The county filed a motion for summary judgment and asserted several defenses, including immunity under section 11-46-9(1)(q). *Id*. at 732 (¶6). The court granted the county's motion, finding that county enjoyed immunity because the fog was the "sole proximate cause of the accident." *Id*. On appeal, the supreme court's plurality affirmed without addressing section 11-46-9(1)(q). Instead, the supreme court held that the plaintiff failed to make a *prima facie* showing of negligence, which rendered any MTCA application moot. *Id*. at 732 (¶10). Justice Maxwell's separate opinion specifically addressed the weather exception, stating that the trial court did not err in granting summary judgment in

7

favor of the county based on section 11-46-9(1)(q). *Id*. at 736 (¶37).

¶17. After review, we agree with the circuit court that the accident was caused solely by the significant rain event that occurred in the late hours of March 10 and early morning hours of March 11. As stated in *Willing*, we do not hold that the County had no duty to warn of the washout. We hold that the County is immune to any breach of that duty because the washout "was caused solely by the 'effect of the weather on the use of streets and highways.'" *Willing*, 958 So. 2d at 1253 (¶38). There is simply no proof that anything other than the weather was the sole cause of the accident. Because Smith fails to create a genuine issue of material fact as to whether the County was in any way responsible for the formation of the washout, we find that summary judgment was proper.

¶18. The dissent argues that "there is a genuine issue of material fact as to whether the county's alleged failure to warn of a dangerous washout was a contributing cause of Melissa Smith's injuries . . . ." The dissent's position is supported by the testimony surrounding exactly how many barricades were placed and then present at the time of the accident. However, section 11-46-9(1)(w) of the MTCA shields a governmental entity from liability in instances "[a]rising out of the . . . removal by third parties of any sign, signal, warning device, illumination device, guardrail or median barrier, unless the absence, condition, malfunction or removal is not corrected by the governmental entity responsible for its

8

maintenance within a reasonable time after actual or constructive notice[.]"[2] As pointed out by the dissent, County employee Abraham McEwen testified that he placed two barricades on Magnolia-Holmesville Road at the intersection of Magnolia-Holmesville Road and Joel Lang Road—one in the westbound lane and one in the eastbound lane (the direction of the washout).[3] According to Smith, there was only one barricade at the intersection blocking the westbound lane of Magnolia-Holmesville Road. Smith fails to show that a County employee moved the other barricade or, if a third party moved the barricade, that the County had actual or constructive notice that the barricade had been moved. If a third party was, in fact, responsible for moving the barricade, the County would be immune under this section.

¶19. Smith's second claim is that the weather event must occur at the time of the incident for purposes of section 11-46-9(1)(q). Neither this Court nor the supreme court has held that. Although two of the cases previously discussed, *Ostrowski* and *Robinson*, involved drivers injured during the weather event, *Schepens* clearly did not. Equally important, the Mississippi Legislature did not specify any such requirement in Section 11-46-9(1)(q).

---

[2] This section does not shield the County from liability in the event that the rain was responsible for the barricade's removal.

[3] County road manager Mark Duncan's testimony differed from McEwen's testimony. Duncan testified that there was one barricade at the intersection and that it was placed on Joel Lang Road. When asked whether he had "any evidence that any barricades were removed by someone prior to Ms. Smith's entering that washout on [March] 12?," he responded, "Based on the report I got, they were all still in place." The record is unclear as to what time he received his latest report from the county employees in charge of placing the barricades. Notably, Duncan was in Houston, Texas, at the time of the rain event and the placing of the barricades.

9

Surely, if the Legislature had intended such, it would have said so. The Legislature did not place a temporal component to the immunity granted. Rather, if the weather was the sole cause of the accident, then the weather immunity would apply. Likewise, it follows that, if the weather was not the "sole cause," immunity would not apply. In this case, there was no evidence to indicate any contributing cause other than the weather. For these reasons, we find no merit to Smith's argument.

## CONCLUSION

¶20. We find the County is immune from liability under section 11-46-9(1)(q). Accordingly, we affirm the circuit court's grant of summary judgment.

¶21. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., AND GREENLEE, J., CONCUR. WESTBROOKS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY McDONALD, J. McDONALD, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. WILSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY McDONALD AND McCARTY, JJ. SMITH, J., NOT PARTICIPATING.**

**WESTBROOKS, J., SPECIALLY CONCURRING:**

¶22. I concur with the majority's opinion in this case. We are bound by applicable law holding that governmental entities are immune under the MTCA for injuries occurring as a result of weather conditions. Miss. Code Ann. § 11-46-9(1)(q) (Rev. 2019). The exemptions set forth in section 11-46-9 are phrased in the disjunctive. Meaning, per the language of the statute, it clearly appears that sovereign immunity applies if a governmental entity is able to establish that the requirements of any one of the exemptions set forth in section 11-46-9 are

met. In this case there is an exemption for weather conditions. Miss. Code Ann. § 11-46-9(1)(q). We have also previously held that the exemptions listed in section 11-46-9 do not impose duties "whether or not the discretion be abused" and cannot be used as affirmative sources of liability. *See Pearl River Valley Water Supply Dist. v. Bridges*, 878 So. 2d 1013, 1016, 1019 (¶¶11, 30) (Miss. Ct. App. 2004).

¶23. The "significant rain event" that gave rise to the accident apparently began sometime on March 10, 2016, and continued until the early morning of March 12, 2016. Smith's accident happened at approximately 8:00 p.m. on March 12, 2016. Smith alleges that Pike County failed to alert her about the washout. Specifically, she states that if warning signs had been posted, her accident could have been avoided. There is testimony that the roadway was at least partially barricaded from both directions, and it was possible that the barricade had been removed or washed away prior to Smith's accident.

¶24. Smith did not allege that Pike County failed to properly maintain the roadway.[4] In this instance there was testimony that there had been previous washouts in the area. Once Smith learned this information, I believe a motion to amend the complaint under Mississippi Rule of Civil Procedure 15(a) would have been appropriate. Smith would have had the opportunity to conduct additional discovery in order to determine whether the road was properly maintained, and, if not, whether a maintenance failure on the part of Pike County

---

[4] Although a claim for failure to properly maintain the roadway would not open the door to a clear path for recovery, it would have allowed Smith to conduct additional discovery in order to determine the whether there was a breach of a ministerial function.

11

caused or contributed to the washout; or, whether the rain was the sole cause of the washout and the accident.

**McDONALD, J., JOINS THIS OPINION IN PART.**

**WILSON, P.J., DISSENTING:**

¶25.    The circuit court ruled that Pike County was entitled to summary judgment, and the majority affirms, based on the county's immunity from liability "for any claim . . . [a]rising out of an injury caused solely by the effect of weather conditions on the use of streets and highways[.]" Miss. Code Ann. § 11-46-9(1)(q) (Rev. 2019).  However, there is a genuine issue of material fact as to whether the county's alleged failure to warn of a dangerous washout was a contributing cause of Melissa Smith's injuries, which resulted from a wreck that occurred approximately thirty-six hours after the county became aware of the washout and recognized the need to provide warnings.  Accordingly, there is also a genuine issue of material fact as to whether rain was the *sole* cause of Smith's injuries.  For that reason, I would reverse the order granting summary judgment, and I respectfully dissent.

¶26.    On the night of March 10 and early morning of March 11, 2016, heavy rains caused a number of "washouts" in Pike County, including two washouts on Magnolia-Holmesville Road.   Around 8 p.m. on March 12—approximately thirty-six hours after the rain ended—Smith drove her car into one of the washouts on Magnolia-Holmesville Road, an eight-foot-deep, thirty-foot-wide hole in the middle of the road.  She suffered bodily injuries, and her car was damaged.  She alleges that her injuries were caused by Pike County's failure

12

to place a warning or close the road to the west of the washout.

¶27.	Prior to her accident, Smith was driving south on Joel Lang Road. She testified that when she reached the intersection of Joel Lang Road and Magnolia-Holmesville Road,[5] there was no barricade or warning sign on Joel Lang Road. Smith testified that there was a barricade to her right, blocking the westbound lane of Magnolia-Holmesville Road. However, Smith testified that there was no barricade or warning sign to her left (east) or in the eastbound lane of Magnolia-Holmesville Road in either direction. Smith turned left (east) onto Magnolia-Holmesville Road. A short distance later, she drove into "a big hole in the road"—an eight-foot-deep, thirty-foot-wide washout. A Uniform Crash Report (UCR) completed by a Pike County deputy sheriff corroborated Smith's testimony. The UCR noted that there was a barricade east of the washout but no barricade or warning to the west. The UCR further noted that the county road department was notified after Smith's accident, responded, and put up a barricade to the west.

¶28.	County employee Abraham McEwen testified that around 9:30 a.m. on March 11, he put out two barricades on Magnolia-Holmesville Road near the intersection of Joel Lang Road. He placed one barricade—the barricade that Smith observed—in the westbound lane of Magnolia-Holmesville Road about fifteen feet west of the intersection. That barricade was intended to block westbound traffic in the direction of another washout that is not at issue in this case. McEwen testified that he also placed a barricade in the eastbound lane of

---

[5] Joel Lang Road ends at Magnolia-Holmesville Road in a T-junction.

13

Magnolia-Holmesville Road about fifteen feet east of the intersection. That barricade was intended to block eastbound traffic in the direction of the subject washout. However, as noted just above, neither Smith nor the deputy sheriff observed such a barricade at the time of Smith's accident.

¶29. McEwen's description of two barricades was inconsistent with the testimony of the county's Rule 30(b)(6) representative,[6] Pike County Road Manager Mike Duncan. On behalf of the county, Duncan testified that a single barricade was placed near the intersection of Joel Lang Road and Magnolia-Holmesville Road. According to Duncan, that single barricade was on Joel Lang Road, not Magnolia-Holmesville Road. In addition, Duncan claimed that the single barricade was still in place at the time of Smith's accident on March 12. This testimony was based on a report that Duncan received from Gene Morgan, the county road department employee who responded to the scene following the accident. As noted above, Smith specifically testified that there was no barricade or warning sign on Joel Lang Road. The UCR also does not mention any such barricade.

¶30. The circuit court granted summary judgment in favor of Pike County, and the majority affirms, based on a provision of the Mississippi Tort Claims Act that exempts the county from liability "for any claim . . . [a]rising out of an injury caused *solely* by the effect of weather conditions on the use of streets and highways[.]" Miss. Code Ann. § 11-46-9(1)(q) (emphasis added). I would reverse and remand because there is a genuine issue of material

_____

[6] *See* M.R.C.P. 30(b)(6).

14

fact as to whether the rain, which ended at least thirty-six hours prior to Smith's accident, was the *sole* cause of Smith's injury.

¶31. It is well-settled that "[t]here may be more than one proximate cause of an injury[.]" *Hill v. Columbus Ice Cream & Creamery Co.*, 230 Miss. 634, 642, 93 So. 2d 634, 636 (1957) (quoting *Am. Creosote Works of La. v. Harp*, 215 Miss. 5, 12, 60 So. 2d 514, 517 (1952)). A defendant's negligence is considered a proximate cause of a plaintiff's injury if it was "a substantial factor in producing the injury" even if it was "not . . . the sole cause of [the] injury." *T.L. Wallace Constr. Inc. v. McArthur, Thames, Slay, & Dews PLLC*, 234 So. 3d 312, 330 (¶68) (Miss. 2017) (quoting *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 485 (5th Cir. 2008)).

¶32. Given the conflicting evidence in this case, including material inconsistencies in the testimony of the county's own employees, there are genuine issues of material fact. Specifically, there is a genuine issue of material fact as to whether Pike County negligently failed to place a barricade or warning west of the washout, a dangerous condition of which the county was aware. *See Wilcher v. Lincoln Cnty. Bd. of Supervisors*, 243 So. 3d 177, 188 (¶32) & n.20 (Miss. 2018) (recognizing that a county has a duty to warn of a dangerous condition on its property if it either created the condition or knew about the condition and had adequate time to give a warning). Therefore, there is also a genuine issue of material fact as to whether Pike County's alleged negligence was *a* proximate cause of Smith's injury—i.e., "a substantial factor in producing the injury"—even if it was "not . . . the *sole*

cause of [the] injury." *T.L. Wallace*, 234 So. 3d at 330 (¶68) (emphasis added). And if Pike County's negligence was even *a* cause of Smith's injury—i.e., one of multiple causes—then Pike County is not immune from liability under section 11-46-9(1)(q).

¶33. I agree with the majority that the rain on the night of March 10 and the early morning of March 11, 2016, was the sole cause of "the washout." *Ante* at ¶17. However, that does not necessarily mean that the rain was also the sole cause of *Smith's injury*. Approximately thirty-six hours before Smith was injured, Pike County became aware of the dangerous washout and recognized the need to provide warnings. Once Pike County knew about the washout and had an adequate opportunity to warn, it had a duty to do so. *See Wilcher*, 243 So. 3d at 188 (¶32) & n.20. If the county failed to provide a reasonable warning, then there is at least a genuine issue of material fact as to whether its negligence was a contributing cause of Smith's injury—and, by extension, a genuine issue of material fact as to whether the prior rain was the *sole* cause of Smith's injury. Miss. Code Ann. § 11-46-9(1)(q).

¶34. The majority opinion appropriately cites *Willing v. Estate of Benz*, 958 So. 2d 1240 (Miss. Ct. App. 2007), which applied section 11-46-9(1)(q)'s weather-condition immunity to a somewhat analogous set of facts. *See id.* at 1253-55 (¶¶36-40). In *Willing*, a car slid on a patch of ice on Highway 82 and struck and killed a construction worker. *Id.* at 1243-44 (¶3). The deceased's estate sued the City of Greenwood, alleging that a police officer negligently failed to provide any warning after he responded to an earlier wreck caused by the same patch of ice. *Id.* at 1243-45 (¶¶2-3, 7). The circuit court granted summary

16

judgment in favor of the city, and this Court affirmed based on the weather-condition immunity. *Id.* at 1245, 1254 (¶¶7, 39). This Court stated,

> [W]e do not hold . . . that the [city] did not have a duty to warn of the patch of ice on the highway, we hold that the city is immune from any alleged breach of that duty because the ice was caused solely by the "effect of weather on the use of streets and highways." Because the [estate does] not point to any evidence that [the city] contributed to or [was] otherwise responsible for the formation of the patch of ice, summary judgment was appropriate as to this immunity.

*Id.* at 1254 (¶¶38-39) (quoting Miss. Code Ann. § 11-46-9(1)(q)) (citations, footnote, and paragraph break omitted).

¶35. As the majority indicates (*ante* at ¶17), *Willing*'s reasoning supports the county's position in this case because *Willing* stated that the city was immune from liability "because *the ice* was caused solely by the 'effect of the weather on the use of streets and highways.'" *Willing*, 958 So. 2d at 1254 (¶38) (emphasis added) (quoting Miss. Code Ann. § 11-46-9(1)(q)). In addition, *Willing* stated that the city was entitled to summary judgment because the estate failed to show that the city "contributed to or [was] otherwise responsible for *the formation* of the patch of ice." *Id.* (emphasis added). Similarly in this case, rain appears to have been the sole cause of the washout, and there is no evidence that the county played any role in causing the washout.

¶36. However, *Willing*'s reasoning departs from the text of the statute and improperly enlarges the immunity it provides. The statute exempts a governmental entity from liability only if the plaintiff's "*injury* [was] caused solely by the effect of weather conditions on the

17

use of streets and highways." Miss. Code. Ann. § 11-46-9(1)(q) (emphasis added). Weather may be the sole cause of a road condition (e.g., ice or a washout) without also being the sole cause of a plaintiff's injury. A defendant's negligent failure to warn may be a contributing cause of a plaintiff's injury even if the defendant did not create the underlying dangerous condition. *Willing* should be overruled to the extent that it suggests otherwise.

¶37. I also agree with the majority that weather may be the sole cause of an injury even if the weather event ended before the injury occurred. *Ante* at ¶19. Thus, I agree that the fact that the rain ended before Smith's wreck is not dispositive. *Id.* However, it is relevant that the county was aware of the washout approximately thirty-six hours prior to Smith's wreck and clearly had an opportunity to provide warnings. If the county nonetheless failed to provide a reasonable warning, then there is a genuine issue of fact as to whether its negligence was a contributing cause of Smith's injuries. To extend *Willing*'s reasoning to its logical conclusion, if the county had failed to provide a warning for weeks or months before a wreck finally occurred, would we still say that the long-forgotten rain was the *sole* cause of the wreck? Surely at some point we would recognize that the county's failure to warn was at least a contributing cause. If so, then the fact that weather was the sole cause of ice or a washout does not necessarily or as a matter of law mean that it is also the sole cause of a plaintiff's injuries. *But see ante* at ¶17; *Willing*, 958 So. 2d at 1254 (¶38).

¶38. In summary, Smith presented evidence sufficient to create a genuine issue of fact as to whether the county's alleged negligence was a contributing cause of her wreck. As

18

discussed above, Smith testified that there were no warnings west of the subject washout, and the UCR corroborated her testimony. On the present record, while rain may have been the sole cause of *the washout*, there is a genuine issue of fact as to whether the rain was the sole cause of *Smith's injury*. Accordingly, I would reverse the order granting summary judgment, and I respectfully dissent.

**McDONALD AND McCARTY, JJ., JOIN THIS OPINION.**